**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **Hubert Jones,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **1:05-CV-612-MHT-SRW** |
| **David Jones, et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
EXPERIAN INFORMATION SOLUTIONS, INC.**

NOW COMES defendant Experian Information Solutions, Inc., erroneously sued as "Experian" ("Experian"), by its undersigned counsel, and hereby answers Plaintiff Hubert Jone's ("Plaintiff") Amended Complaint ("Complaint") as follows:

PARTIES

1.    In response to paragraph 1 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

2.    In response to paragraph 2 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

3.    In response to paragraph 3 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

171089.1

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4.    In response to paragraph 4 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5.    In response to paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6.    In response to paragraph 6 of the Complaint, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California.  Experian further admits that it is qualified to do business and does conduct business in the State of Alabama.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

7.    In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

<u>FACTS</u>

8.     In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9.     In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10.     In response to paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.     In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12.     In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13.     In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

<u>COUNT I: CONVERSION, ISSUING A FALSE FINANCIAL STATEMENT,
IMPERSONATION</u>

14.     Experian incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 13 above for its answer to paragraph 14 of the Complaint.

15.     In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16.     In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17.     In response to paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18.     In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19.     In response to paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20.     In response to paragraph 20 of the Complaint, Experian admits that Plaintiff claims punitive damages because of willful and oppressive neglect.  Experian states that this is a legal conclusion which is not subject to denial or admission.  Experian denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause following paragraph 20.

<u>COUNT II: OUTRAGE</u>

21.     Experian incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 20 above for its answer to paragraph 21 of the Complaint.

22.     In response to paragraph 22 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23.     In response to paragraph 23 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24.     In response to paragraph 24 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25.     In response to paragraph 25 of the Complaint, Experian admits that Plaintiff claims punitive damages.  Experian states that this is a legal conclusion which is not subject to denial or admission.  Experian denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause following paragraph 25.

<u>COUNT III: FRAUD</u>

26.     Experian incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 25 above for its answer to paragraph 26 of the Complaint.

27.     In response to paragraph 27 of the Complaint, Experian admits that Plaintiff brings this action under the Code of Alabama, 1975, 6-5-100 and 6-5-101.  Experian states that this is a legal conclusion which is not subject to denial or admission.

28.     In response to paragraph 28 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29.     In response to paragraph 29 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

30.     In response to paragraph 30 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

31.     In response to paragraph 31 of the Complaint, Experian admits that Plaintiff claims punitive damages.  Experian states that this is a legal conclusion which is not subject to denial or admission.  Experian denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause following paragraph 31.

<u>COUNT IV: INVASION OF PRIVACY</u>

32.     Experian incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 31 above for its answer to paragraph 32 of the Complaint.

33.     In response to paragraph 33 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34.     In response to paragraph 34 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35.     In response to paragraph 35 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36.    In response to paragraph 36 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37.    In response to paragraph 37 of the Complaint, Experian admits that Plaintiff claims punitive damages.  Experian states that this is a legal conclusion which is not subject to denial or admission.  Experian denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause following paragraph 37.

## COUNT V: NEGLIGENCE

38.    Experian incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 37 above for its answer to paragraph 38 of the Complaint.

39.    In response to paragraph 39 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

40.    In response to paragraph 40 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

41.     In response to paragraph 41 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause following paragraph 41.

### COUNT VI: FAIR CREDIT REPORTING ACT VIOLATION

42.     Experian incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 41 above for its answer to paragraph 42 of the Complaint.

43.     In response to paragraph 43 of the Complaint, Experian admits that Plaintiff brings this action pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq.  Experian states that this is a legal conclusion which is not subject to denial or admission.

44.     In response to paragraph 44 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on the FCRA, 15 U.S.C. §1681(p).  Experian states that this is a legal conclusion which is not subject to denial or admission.

44.     In response to paragraph 44[1] of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 44 of the Complaint.

45.     In response to paragraph 45 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

---

[1] Plaintiff's Complaint inadvertently lists two paragraphs with the number 44.  To avoid confusion, Experian's Answer incorporates the same numbering scheme.  This paragraph 44 refers to Plaintiff's second paragraph 44.

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

46.     In response to paragraph 46 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

47.     In response to paragraph 47 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

48.     In response to paragraph 48 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

49.     In response to paragraph 49 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

50.     In response to paragraph 50 of the Complaint, Experian admits that Plaintiff claims attorneys fees and punitive damages.  Experian states that this is a legal conclusion which is not subject to denial or admission.  Experian denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause following paragraph 50.

## COUNT VII: LIBEL, SLANDER, AND DEFAMATION

51.    Experian incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 50 above for its answer to paragraph 51 of the Complaint.

52.    In response to paragraph 52 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

53.    In response to paragraph 53 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

54.    In response to paragraph 54 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Experian denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause following paragraph 54.

55.    Experian denies each and every averment not admitted or otherwise controverted by this Answer to the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE
### (IMMUNITY)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD AFFIRMATIVE DEFENSE
### (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### FOURTH AFFIRMATIVE DEFENSE
### (INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FIFTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate his damages.

### SIXTH AFFIRMATIVE DEFENSE
### (LACHES)

The Complaint and each claim for relief therein is barred by laches.

SEVENTH AFFIRMATIVE DEFENSE
(CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

EIGHTH AFFIRMATIVE DEFENSE
(ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

NINTH AFFIRMATIVE DEFENSE
(STATUTE OF LIMITATIONS)

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to O.C.G.A. § 9-3-33.

TENTH AFFIRMATIVE DEFENSE
(UNCLEAN HANDS)

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

ELEVENTH AFFIRMATIVE DEFENSE
(FEDERAL PREEMPTION)

All claims against Experian are preempted by federal law.

TWELFTH AFFIRMATIVE DEFENSE
(RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

1.      That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

2.      For costs of suit and attorneys' fees herein incurred; and

3.      For other and further relief as the Court may deem just and proper.

Dated: August 23, 2006                    Respectfully submitted,


                                          _/s/ A. Kelly Brennan_____
                                          A. Kelly Brennan
                                          Bar Number ASB-4440-A50B
                                          BALCH & BINGHAM LLP
                                          Post Office Box 306
                                          Birmingham, Alabama  35201-0306
                                          Email:  kbrennan@balch.com
                                          Telephone:  205-251-8100
                                          Facsimile:  205-226-8798

                                          G. Lane Knight
                                          Bar Number ASB-6748-I72K
                                          BALCH & BINGHAM LLP
                                          Post Office Box 78
                                          Montgomery, Alabama 36101
                                          Email:  lknight@balch.com
                                          Telephone:  334-834-6500
                                          Facsimile:  334-269-3115

                                          Attorneys for Defendant
                                          Experian Information Solutions, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **Hubert Jones,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **1:05-CV-612-MHT-SRW** |
| **David Jones, et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a true and correct copy of the within and foregoing

**ANSWER AND AFFIRMATIVE DEFENSES OF EXPERIAN INFORMATION**

**SOLUTIONS, INC.** by electronically filling same with the Clerk of Court using the CM/ECF

system which will automatically send email notification of such filing to the following attorneys

of record:

Donna C. Crooks
P.O. Drawer 65
Daleville, AL 36322
*Attorney for Plaintiff*

Patrick R. Norris
McDaniel, Bains & Norris, PC
Two Metroplex Drive
Suite 504
Birmingham, AL 35209-6812
*Attorney for Mike Shad Chrysler P/J/E*

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>Equifax Information Services, LLC
>CSC Lawyers Incorporating Svc., Inc.
>150 S. Perry Street
>Montgomery, AL 36104

>Cornelius Jenkins
>c/o Nimnicht Chevrolet
>1550 Cassat Avenue
>Jacksonville, FL 32210

>Transunion
>c/o Prentice Hall Corp. System, Inc.
>150 S. Perry Street
>Montgomery, AL 36104

>DaimlerChrysler Services North America L.L.C.
>27777 Inkster Road
>Southfield, MI 48334

Dated: August 23, 2006                              Respectfully submitted,


                                                     _/s/A. Kelly Brennan_____
                                                     A. Kelly Brennan
                                                     Bar Number ASB-4440-A50B
                                                     BALCH & BINGHAM LLP
                                                     Post Office Box 306
                                                     Birmingham, Alabama  35201-0306
                                                     Telephone:  205-251-8100
                                                     Facsimile:  205-226-8798

                                                     G. Lane Knight
                                                     Bar Number ASB-6748-I72K
                                                     BALCH & BINGHAM LLP
                                                     Post Office Box 78
                                                     Montgomery, Alabama 36101
                                                     Email:  lknight@balch.com
                                                     Telephone:  334-834-6500
                                                     Facsimile:  334-269-3115

                                                     Attorneys for Defendant
                                                     Experian Information Solutions, Inc.