IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HUBERT JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: 1:05CV612-W |
| | ) |
| DAVID JONES and MIKE SHAD CHRYSLER P/J/E, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**ANSWER OF DEFENDANT MIKE SHAD CHRYSLER JEEP, INC.**

COMES NOW the defendant, Mike Shad Chrysler Jeep, Inc., in the above-styled cause, and for answer to plaintiff's amended complaint, and to each and every allegation and material averment contained therein, separately and severally, says as follows:

**FIRST DEFENSE**
**(SPECIFIC ADMISSIONS AND DENIALS)**

This defendant upon information and belief admits the material averments of paragraph one.

This defendant is without sufficient information to either admit or deny the material averments of paragraph two.

This defendant admits the material averments of paragraph three with the clarification of the name of this defendant as set out above.

This defendant admits that Cornelius Jenkins is over the age of nineteen and resided in Jacksonville, Florida and further that Jenkins was employed by this defendant. This defendant denies the remaining allegations of Paragraph four.

This defendant upon information and belief admits the material averments of paragraph five.

This defendant is without sufficient information to either admit or deny the material

averments of paragraph six with regard to the credit reporting defendants. This defendant denies the averment of paragraph six that the plaintiff being injured and damaged.

Paragraph seven requires no response of this defendant.

This defendant admits the material averments of paragraph eight.

This defendant admits the averment of paragraph nine that an individual identifying himself as the plaintiff purchased the subject vehicle from this defendant. This defendant is without sufficient information to either admit or deny the remaining material averments of the remainder of paragraph nine except that this defendant denies that the plaintiff was injured and damaged.

This defendant admits the averment of paragraph ten that an individual identifying himself as the plaintiff purchased the subject vehicle from this defendant. This defendant denies any wrongful conduct. This defendant is without sufficient information to either admit or deny the remaining material averments of the remainder of paragraph ten except that this defendant denies that the plaintiff was injured and damaged and further denies that the plaintiff relied on any representation(s) to his detriment.

This defendant admits the averment of paragraph eleven that an individual identifying himself as the plaintiff purchased the subject vehicle from this defendant. This defendant denies any wrongful conduct. This defendant is without sufficient information to either admit or deny the remaining material averments of the remainder of paragraph eleven except that this defendant denies that the plaintiff was injured and damaged and further denies that the plaintiff relied on any representation(s) to his detriment.

This defendant admits the averment of paragraph twelve that an individual identifying himself as the plaintiff purchased the subject vehicle from this defendant. This defendant denies any wrongful conduct. This defendant is without sufficient information to either admit or deny the

remaining material averments of the remainder of paragraph twelve except that this defendant denies that the plaintiff was injured and damaged and further denies that the plaintiff relied on any representation(s) to his detriment.

This defendant denies the material averments of paragraph thirteen.

Paragraph fourteen requires no response of this defendant.

This defendant denies the material averments of paragraph fifteen.

This defendant is without sufficient information to either admit or deny the material averments of paragraph sixteen.

This defendant denies the material averments of paragraph seventeen.

This defendant is without sufficient information to either admit or deny the material averments of paragraph eighteen.

This defendant admits the averment of paragraph nineteen that collection efforts were initiated by someone other than this defendant but denies all other material averments of paragraph nineteen.

This defendant denies that the plaintiff is entitled to punitive damages as averred in paragraph twenty.

Paragraph twenty-one requires no response of this defendant.

This defendant denies the material averments of paragraph twenty-two.

This defendant denies the material averments of paragraph twenty-three.

This defendant denies the material averments of paragraph twenty-four.

This defendant denies that the plaintiff is entitled to punitive damages as averred in paragraph twenty-five.

Paragraph twenty-six requires no response of this defendant.

This defendant admits upon information and belief the material averments of paragraph twenty-seven.

This defendant is without sufficient information to either admit or deny the material averments of paragraph twenty-eight.

This defendant denies the material averments of paragraph twenty-nine.

This defendant denies the material averments of paragraph thirty.

This defendant denies that the plaintiff is entitled to punitive damages as averred in paragraph thirty-one.

Paragraph thirty-two requires no response of this defendant.

This defendant denies the material averments of paragraph thirty-three.

This defendant is without sufficient information to either admit or deny the averments of paragraph thirty-four regarding defendant David Jones but denies the remaining material averments, including denying any wrongful conduct on the part of the defendants.

This defendant is without sufficient information to either admit or deny the averments of paragraph thirty-five regarding defendant David Jones but denies the remaining material averments, including denying any wrongful conduct on the part of the defendants and denying that the plaintiff was injured and damaged.

There is no paragraph thirty-six.

This defendant denies the material averments of paragraph thirty-seven and denies that the plaintiff is entitled to punitive damages.

No response is required of this defendant to paragraph thirty-eight.

This defendant is without sufficient information to either admit or deny the averments of paragraph thirty-nine regarding defendant David Jones but denies the remaining material averments, including denying any wrongful conduct on the part of this defendant and denying that the plaintiff

was injured and damaged.

This defendant admits the averment of paragraph forty in that credit was issued and collection efforts were initiated by someone other than this defendant but this defendant denies all other material averments of paragraph forty.

This defendant denies the material averments in paragraph forty-one.

No response is required of this defendant to paragraph forty-two.

This defendant admits the material averment, upon information and belief, of paragraph forty-three.

This defendant admits the material averment, upon information and belief, of paragraph forty-four.

This defendant is without sufficient information to either admit or deny the material averments of paragraph forty-five other than to deny that any credit report was sought or obtained from this defendant.

This defendant is without sufficient information to either admit or deny the material averments of paragraph forty-six other than to deny that any credit report was sought or obtained from this defendant.

This defendant is without sufficient information to either admit or deny the material averments of paragraph forty-seven other than to deny that any credit report was sought or obtained from this defendant nor did this defendant have any involvement in what was reported on such report.

This defendant is without sufficient information to either admit or deny the material averments of paragraph forty-eight.

This defendant denies the material averments of paragraph forty-nine.

This defendant denies that the plaintiff is entitled to the damages averred in paragraph fifty.

No response is required of this defendant to paragraph fifty-one.

This defendant is without sufficient information to either admit or deny the averments of paragraph fifty-two concerning the conduct of the named defendants, but this defendant denies that the plaintiff was injured and damaged as claimed.

This defendant is without sufficient information to either admit or deny the averments of paragraph fifty-three concerning the conduct of the named defendants, but this defendant denies that the plaintiff was injured and damaged as claimed.

This defendant is without sufficient information to either admit or deny the averments of paragraph fifty-four concerning the conduct of the named defendants, but this defendant denies that the plaintiff was injured and damaged as claimed.

## SECOND DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

This defendant pleads the general issue.

## FOURTH DEFENSE

This defendant says that the plaintiff was guilty of negligence at one or more material times and that such negligence proximately caused or contributed to cause the damages claimed and that any recovery is therefore barred by the plaintiff's contributory negligence.

## FIFTH DEFENSE

This defendant says there existed an efficient intervening cause which was the proximate cause of the plaintiff's alleged injuries and damages and/or the events giving rise to this case.

## SIXTH DEFENSE

This defendant denies that it breached any duty allegedly owed to the plaintiff.

**SEVENTH DEFENSE**

This defendant says that it is not guilty of any act or omission which proximately caused or contributed to cause plaintiff's injuries and damages, as alleged, and demands strict proof thereof.

**EIGHTH DEFENSE**

This defendant denies that the plaintiff was injured and damaged as claimed and demands strict proof thereof.

**NINTH DEFENSE**

This defendant denies acting in an outrageous manner and further denies that the plaintiff is entitled to damages under the tort of outrage.

**TENTH DEFENSE**

This defendant denies acting in a reckless or intentional manner, or any knowledge or ratification of any such conduct on the date complained of or thereafter, so as to justify any award of punitive damages to the plaintiff and this defendant demands strict proof thereof.

**ELEVENTH DEFENSE**

This defendant denies committing any act resulting in or which could be construed as an invasion of the plaintiff's right or privacy and this defendant demands strict proof thereof.

**TWELFTH DEFENSE**

This defendant says that the imposition of punitive damages under Alabama law is arbitrary and capricious inasmuch as there are no standards for fair and objective calculation of such damages and as the same are penal in nature plaintiff must show entitlement to the same by evidence beyond a reasonable doubt; further imposition of punitive damages under Alabama law is contrary to the Due Process and Equal Protection clauses of both the Constitution of the United States of America and of the State of Alabama and that imposition of punitive damages under Alabama law, even with *Green Oil* and *Hammond's* guidelines is arbitrary and capricious leading to "grossly excessive"

punitive damage awards inasmuch as the jury is provided neither guidelines in reaching some rational ratio between compensatory and punitive damages nor some rational relation between the defendant's alleged conduct and the legitimate interest of the State to punish unlawful conduct and deter its repetition . *BMW of North America  v. Gore,* ____ U.S. _____, 1996 WL 262429.

### THIRTEENTH DEFENSE

Notions of judicial fairness, Due Process and constitutional jurisprudence dictate that a person receive fair notice of not only the conduct that will subject him to punishment but also the severity of the penalty that a State may impose.  This State provides no such notice to defendants leading to "grossly excessive" punitive damage awards that violate the United States Constitution and its amendments. *BMW of North America  v. Gore,* ____ U.S. _____, 1996 WL 262429.

### FOURTEENTH DEFENSE

This defendant asserts that the plaintiff is not entitled to a trial by jury on the issue of punitive damages. *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*,_____ U.S. _____, No. 99-2035(May 14, 2001) (holding that the amount of punitive damages "is not really a fact 'tried' by the jury," and the right to jury trial is therefore not implicated).

### FIFTEENTH DEFENSE

This defendant states that venue is improper or inconvenient.

### SIXTEENTH DEFENSE

This defendant denies misrepresenting any material fact and further denies knowledge of any material fact being misrepresented to it. This defendant further denies any reliance on the part of the plaintiff.

### DEFENDANT DEMANDS TRIAL BY STRUCK JURY AS TO ALL JURY ISSUES

                                s/Patrick R. Norris
                                Patrick R. Norris (ASB-3835-S81P)
                                Attorney for Defendant,
                                Mike Shad Chrysler Jeep, Inc.

<u>OF COUNSEL</u>:

McDANIEL, BAINS & NORRIS, P.C.
Two Metroplex Drive
Suite 504
Birmingham, Alabama 35209-6812
(205) 871-1811

## **CERTIFICATE OF SERVICE**

      I do hereby certify that I have on this the 1st day of September, 2006 served a copy of the foregoing pleading on counsel for all parties to this proceeding by placing copy of same in the United States mail, postage prepaid to:

Daimler Chrysler Services North
America L.L.C.
27777 Inkster Road
Southfield, Michigan 48334

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Srvs. Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Anna K. Brennan
Balch & Bingham
Post Office Box 306
Birmingham, Alabama 35201-0306

Griffin L. Knight
Balch & Bingham
Post Office Box 78
Montgomery, Alabama 36101-0078

Donna C. Crooks, Esq.
P.O. Drawer 65
Daleville, Alabama 36322

Brian Stephen Spitler
Jones Day
1420 Peachtree Street NE
Suite 800
Atlanta, Georgia 30303-3053

Kary B. Wolfe
Walston Wells & Birchall LLP
Post Office Box 830642
Birmingham, Alabama 35283-0642

David Jones
6870 103 St., Apt. 210
Jacksonville, Florida 32210

                                                                           s/Patrick R. Norris
                                                                           Of Counsel