IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

**HUBERT JONES,**
 **Plaintiff,**

vs.          CIVIL ACTION NO.: 1:05CV-612-MHT

**DAVID JONES; MIKE SHAD**
**CHRYSLER JEEP, INC; DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS**
**LLC f/ka DAIMLERCHRYSLER**
**SERVICES OF NORTH AMERICA LLC ; EQUIFAX**
**INFORMATION SERVICES, LLC.; TRANS UNION LLC;**
**EXPERIAN INFORMATION SOLUTIONS, INC.;**
**CORNELIUS JENKINS, INDIVIDUALLY; CORNELIUS**
**JENKINS AS AGENT FOR MIKE SHAD**
**CHRYSLER JEEP, INC; CORNELIUS JENKINS AS**
**AGENT FOR DIAMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC**
**f/k/a DAIMLERCHRYSLER SERVICES OF NORTH AMERICA LLC ;**
**and**
**A-Z, being persons, partnerships or corporations**
**names that are otherwise unknown but will be added by amendment when ascertained,**
 **Defendants.**

## AMENDED COMPLAINT

1. Plaintiff, Hubert Jones, is over the age of nineteen and resided in Kokomo, Indiana and Midland City, Alabama at all times made reference to in the Complaint.

2. Defendant, David Jones, is over the age of nineteen and resided in Jacksonville, Florida at all times made reference to in the Complaint. This Defendant will hereinafter be referred to as Defendant Jones.

3. Defendant, Mike Shad Chrysler Jeep, Inc., is a domestic corporation with principal places of business located in Jacksonville, Florida and was conducting business in Jacksonville, Florida at all times referred to in this complaint. This Defendant will hereinafter be referred to as Defendant Dealer.

4. Defendant, Cornelius Jenkins, is over the age of 19 and resided in Jacksonville, Florida at all times made reference to in the complaint. Jenkins was employed as a salesperson with Mike Shad Chrysler Jeep, Inc. and acted individually, as agent for Mike Shad Chrysler Jeep Inc., and as agent for DaimlerChrysler Financial Services Americas LLC f/k/a DaimlerChrysler Services North America LLC causing damage to plaintiff and resulting in an economic benefit to Defendant, Jenkins. Jenkins assisted in the forgery of the credit application, promissory note and other documents resulting in the fraud causing damage to the Plaintiff.

5. Defendant, DaimlerChrysler Financial Services Americas LLC f/k/a DaimlerChrysler Services North America LLC is believed to be a domestic corporation with principal place of business in Jacksonville, Florida.

6. Defendant, Equifax Information Services, LLC is a domestic limited liability corporation with principal place of business located in Atlanta, Georgia and with offices in the State of Alabama. Defendant Trans Union LLC is a domestic corporation with principal place of business located in Chester, Pennsylvania with offices in the State of Alabama. Defendant Experian Information Solutions, Inc. is a domestic corporation with its principal place of business located in Allen, Texas but with offices in the State of Alabama. Equifax Information Services, LLC, Trans Union LLC and Experian Information Solutions, Inc. are credit reporting agencies who erroneously reported erroneous defamatory information regarding the Plaintiffs to third parties resulting in Plaintiff being denied credit.

7. Defendants, A-Z are those individuals, GP, LP Corporations or other legal entities

who were involved in the sale or financing of the 1997 Dodge Intrepid, VIN # 2B3HD46TXVH742828 who in any way dealt with the individual David Jones in purchasing said vehicle who at anytime reported derogatory information to any credit bureau regarding Plaintiff, Hubert Jones; who failed and refused to correct credit bureau records when notified of erroneous information.

**FACTS**

8. Plaintiff currently resides at 156 Daniel St., Midland City, Alabama. His date of birth is ▮▮▮▮▮▮▮▮. His social security number is ▮▮▮▮▮▮▮. At times referred to in the Complaint the Plaintiff resided at 320 E. Broadway, Kokomo, Indiana.

9. On or about July 27, 1998, A 1997 Dodge Intrepid, VIN 2B3HD46RXVH742829, was sold by dealer Mike Shad Chrysler Jeep, Inc.to a person purporting to be Hubert Jones. Said vehicle was financed by DaimlerChrysler Financial Services Americas LLC f/k/a DaimlerChrysler Services North America LLC, account number 56143850, for the purchase of an automobile (1997 Dodge Intrepid, VIN 2B3HD46RXVH742829) in the amount of $18,100.00 using the Plaintiff's social security number and credit worthiness. The person assuming the identity of the Plaintiff, Hubert Jones, forged the Plaintiff's name on the contract. When the contract went into default, DaimlerChrysler Financial Services Americas LLC f/k/a DaimlerChrysler Services North America LLC sued the Plaintiff on the contract in the Circuit Court of Dale County, Alabama. When the Plaintiff satisfied DaimlerChrysler Financial Services Americas LLC f/k/a DaimlerChrysler Services North America LLC that he was not a party to the

contract, the lawsuit was dismissed. The Plaintiff requested that DaimlerChrysler Financial Services Americas LLC f/k/a DaimlerChrysler Services North America LLC correct his credit bureau report. DaimlerChrysler Financial Services Americas LLC f/k/a DaimlerChrysler Services North America LLC failed and refused to do so resulting in the Plaintiff being denied credit and incurring severe mental distress, and was embarrassed, humiliated and suffered damage to his reputation.

10. On or about July 27, 1998, Defendant, Mike Shad Chrysler Jeep, Inc., executed a purchase agreement with an individual using the alias Hubert Jones and his social security number and credit worthiness for a 1997 Dodge Intrepid in the amount of $18,100.00. Defendants knew or should have known the person signing the contract was not the Plaintiff. Upon, discovery the Plaintiff notified the Defendant Finance Company that the account was not his, he had never purchased a 1997 Dodge Intrepid. The Plaintiff was promised that the matter would be corrected. The Plaintiff relied upon the representation but discovered that said representation was false.

11. On or about July 27, 1998, Defendant, Mike Shad Chrysler Jeep, Inc. executed a purchase agreement with an individual using the alias Hubert Jones and his social security number and credit worthiness for a 1997 Dodge Intrepid in the amount of $18,100.00. Upon discovery, the Plaintiff notified the Finance Company, DaimlerChrysler Financial Services Americas LLC f/k/a DaimlerChrysler Services North America LLC, that the account was not his, he had never purchased a 1997 Dodge Intrepid. The Plaintiff was promised that the matter

would be corrected. The Plaintiff relied upon the representation but discovered that said representation was false.

12. On or about July 27, 1998, DaimlerChrysler Financial Services Americas LLC f/k/a DaimlerChrysler Services North America LLC extended a loan in the amount of $18,100.00, account number 56143850 for the purpose of an automobile (Dodge Intrepid) to an individual using the alias Hubert Jones and his social security number and credit worthiness. Upon discovery, the Plaintiff notified the DaimlerChrysler Financial Services Americas LLC f/k/a DaimlerChrysler Services North America LLC that the account was not his and was promised that the matter would be corrected. The Plaintiff relied upon the representation but discovered that said representation was false.

13. On or about July 27, 1998, Cornelius Jenkins assisted David Jones in purchasing the subject vehicle by incurring credit in the name of Hubert Jones without his knowledge or consent. Jenkins did so for his own economic benefit, knowing and disregarding the fact that the individual buying the car was not Hubert Jones and that the transaction was without the consent of Hubert Jones.

## COUNT 1: CONVERSION, ISSUING A FALSE FINANCIAL STATEMENT IMPERSONATION

14. Plaintiff restates and realleges all previous paragraphs as if set out herein in full.

15. On or about July 27, 1998, all Defendants converted the social security number and credit worthiness of the Plaintiff.

16. Defendant, David Jones, knowingly made a written instrument which purported to

    describe his financial condition or his financial ability, which was inaccurate, while knowing it was inaccurate and in fact while representing himself to be another individual, the Plaintiff, Hubert Jones.

17. The other named Defendants aided and abetted in this criminal behavior by negligently failing to inquire as to the accuracy of the information provided by the individual assuming the Plaintiff's social security number and credit worthiness. The named Defendants failed to ask for proper identification or social security card.

18. The Defendant, David Jones, assumed a false identity, that of the Plaintiff, Hubert Jones, with the intent of gaining an economic benefit for himself and to injure or defraud another.

19. As a result of the false financial statements, Plaintiff Hubert Jones was harmed in that his credit worthiness was destroyed, collection efforts began against him, a lawsuit was filed against him in Dale County, Alabama bearing the case no.: DV-2004-241, he was caused to suffer severe mental distress, and was denied credit applied for rightfully, and was embarrassed, humiliated and suffered damage to his reputation.

20. Plaintiff claims punitive damages of the Defendants because of the Defendants' willful and oppressive neglect.

WHEREFORE, Plaintiff demands judgment against Defendants in the sum of Five Hundred Thousand Dollars ($500,000.00), attorney's fees, costs and such other relief as the Court may deem proper.

## COUNT II: OUTRAGE

21. Plaintiff restates and realleges all previous paragraphs as if set out herein in full.

22. Since Plaintiff's discovery of the entries on his credit bureau report, Defendants have recklessly caused Plaintiff to suffer emotional distress by failing and refusing to correct the credit bureau entries.

23 Defendants' said actions towards the Plaintiff are so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society.

24. The emotional distress that Defendants have caused the Plaintiff to suffer was so severe that no reasonable person could be expected to endure it.

25. The Plaintiff claims punitive damages of the Defendants.

WHEREFORE, Plaintiff demands judgment against all Defendants in the sum of Five Hundred Thousand Dollars ($500,000.00), attorneys fees, plus costs.

## COUNT III: FRAUD

26. Plaintiff restates and realleges all previous paragraphs as if set out herein in full.

27. This section is brought pursuant to the Code of Alabama, 1975, 6-5-100 and 6-5-101.

28. Defendant, David Jones, represented himself to be Hubert Jones and has represented his social security number to be ███████.

29. Said representations were false and Defendants know or should have known they were false, and were made intending to obtain credit for the purchase of the vehicle contrary to the rights of the Plaintiff. Defendants had a duty to insure the identity of their customer and failed and refused to do so.

30. As a proximate result of said fraud, the Plaintiff was caused to suffer the following damages: his credit worthiness was destroyed, a lawsuit was brought against him by DaimlerChrysler Financial Services Americas LLC f/k/a DaimlerChrysler Services North America LLC, he was caused to suffer severe mental distress, and was denied credit applied for rightfully.

31. Plaintiff claims punitive damages of all of the Defendants because of the intentional or gross and reckless nature of the fraud.

WHEREFORE, Plaintiff demands Judgment against all of the Defendants in the sum of Five Hundred Thousand Dollars ($500,000.00), attorney's fees, costs and such other amounts as the Court may deem proper.

**COUNT IV: INVASION OF PRIVACY**

32. Plaintiff restates and realleges all previous paragraphs as if set out herein in full.

33. On or about July 27, 1998 and continuously since that date, Defendants, invaded the Plaintiff's privacy by initiating and performing a credit search upon the Plaintiff's credit history or allowing such a credit inquiry to be performed based upon Plaintiff's social security number.

34. On or about July 27, 1998 and since that date, the Defendant, David Jones, wrongfully appropriated or exploited the Plaintiff's personality in that he impersonated the Plaintiff for purposes of obtaining credit and thereby invaded the Plaintiff's privacy. Defendant Dealer and Fictitious Parties A-Z assisted in the exploitation when they negligently failed to insure the accuracy of Defendant, David Jones' representations and identity.

35. On or about July 27, 1998, and continuously since that date, the Defendants

wrongfully intruded into the Plaintiff's private activities so as to outrage or cause mental suffering, shame or humiliation to a person or ordinary sensibilities in that Defendant Jones impersonated Plaintiff for purposes of obtaining credit, failed and refused to pay the obligations incurred in the Plaintiff's name and cause d Plaintiff's credit worthiness to be damaged. Defendants initiated credit inquiries to the credit bureaus causing notations to be made on Plaintiff's file resulting in a decreased rating.

36. The Plaintiff as the proximate consequence of the said invasion of Plaintiff's privacy was caused to suffer the following injuries and damages: shame, humiliation, embarrassment, damage to reputation, and gain to the Defendants, from unlawful exploitation of Plaintiff's likeness.

37. Plaintiff claims punitive damages of the Defendants because of the gross and oppressive and willful nature of the Defendants' conduct.

WHEREFORE, Plaintiff demands judgment against Defendants in the sum of Five Hundred Thousand Dollars ($500,000.00), attorneys fees, costs, and such other relief as the Court may deem proper.

## COUNT V: NEGLIGENCE

38. Plaintiff restates and realleges all previous paragraphs as if set out herein in full.

39. On or about July 27, 1998 and subsequent to that date, the Plaintiff was injured as the proximate result and cause of Defendant, David Jones, impersonating Plaintiff for the purposes of obtaining credit in his name and Defendant Dealer's failure to confirm the identity of the Defendant Jones.

40. All Defendants were negligent in that, although they had a duty to insure the

identity of the individual applying for credit, they failed and refused to ask for proper identification, issued credit to Defendant, David Jones, in Plaintiff's name and under his social security number; and instigated collection efforts when Defendant, David Jones, failed and refused to pay the credit obligations resulting in negative credit reports being issued regarding the Plaintiff, credit being denied the Plaintiff, and the Plaintiff suffering severe emotional distress, embarrassment, humiliation, and damage to his reputation in the community.

41. All of these damages were the proximate result of the Defendants' negligence.

WHEREFORE, Plaintiff demands judgment against all Defendants in the sum of Five Hundred Thousand Dollars ($500,000.00), attorney's fees, costs, and such other relief as the Court may deem proper.

## COUNT VI: FAIR CREDIT REPORTING ACT VIOLATION

42. Plaintiff restates and realleges all previous paragraphs as if set out herein in full.

43. This action is brought pursuant to the Fair Credit Reporting Act, 15 U.S.C.§ 1681 et. seq.

44. Jurisdiction is vested in this court pursuant to 15 U.S.C.§1681p.

45. Defendant Credit Bureaus are consumer reporting agencies as that term is defined by 15 U.S.C.§1681a(f).

46. On or about the 30th day of March, 2006, Plaintiff applied for credit with MBNA Mastercard for family purposes. To investigate said application, a consumer credit report was sought and obtained by MBNA from Defendants.

47. On or about the 30th day of March, 2006, the Defendants issued a consumer credit report of and concerning Plaintiff to MBNA in which Defendants said of the

      Plaintiff defamatory information.

48. Said report was false and Defendants had previously been notified it was false and demand was made on Defendants to correct the erroneous information and Defendants failed and refused to do so.

49. Said report contained said false information because Defendant, DaimlerChrrysler, negligently and willfully failed to follow reasonable procedures to assure the maximum possible accuracy of the information which Defendants reported relating to Plaintiff in violation of 15 U.S.C.§1681e(b).

50. Plaintiff was damaged by the Defendants' said negligence or willful misconduct in that he was denied credit, suffered loss to his credit reputation, suffered emotional distress, economic distress and other incidental costs and damages.

51. Pursuant to 15 U.S.C.§1681o Plaintiff claims attorneys fees of the Defendants and pursuant to 15 U.S.C.§1681n Plaintiff claims punitive damages and attorneys fees of the Defendants.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of Five Hundred Thousand Dollars ($500,000.00) plus attorneys fees and costs.

## COUNT VII: LIBEL, SLANDER, AND DEFAMATION

52. Plaintiff restates and realleges all previous paragraphs as if set out herein in full.

53. Defendant DaimlerChrysler published false, libelous and defamatory statements of and concerning Plaintiff, to-wit: reported to local credit bureaus that Plaintiff was delinquent or in default on his accounts with their company or caused to be reported incorrect defamatory information to their prospective creditors of the Plaintiff when they sought information from credit bureaus for approval of credit.

        Upon being notified of the error, Defendant DaimlerChrysler delayed in correcting or refused to correct the error resulting in Plaintiff suffering damage to his credit worthiness, being refused credit, and suffering mental distress, being embarrassed, humiliated and suffering damage to his reputation and credibility. Defendant Credit Bureaus were notified that they were reporting erroneous derogatory, defamatory information to potential creditors of the Plaintiff but failed and refused to correct the error causing damage to the Plaintiff.

54. The Defendant DaimlerChrysler knew or should have known that the report issued to the credit bureaus was false, or when the Defendant DaimlerChrysler published the statement it was with reckless and gross disregard as to whether said statement was true or false. Defendant Credit Bureaus knew o should have known that the reports they issued were false, or when they published the reports it was with reckless and gross disregard as to whether said publication was true or false.

55. Defendant DaimlerChrysler after having been notified by Plaintiff that they had in error reported delinquent credit to the credit bureau continued to pursue collection activity and failed and refused to correct the credit bureau reports. Defendant Credit Bureaus in spite of being notified of their error continued to publish said derogatory reports.

WHEREFORE, Plaintiff demands judgment against Defendants in the sum of Five Hundred Thousand Dollars ($500,000.00), attorneys fees, costs, and such other relief as the Court may deem proper.

Respectfully submitted this the 2nd day of October, 2006.

/s/ Donna C. Crooks  
Donna C. Crooks  
P.O. Drawer 65  
Daleville, AL 36322  
(334) 598-9534  

**Plaintiff demands trial by jury.**

/s/ Donna C. Crooks  
OF COUNSEL  

## CERTIFICATE OF SERVICE

This is to certify that on the 2nd day of October, 2006, a true and correct copy of the above and foregoing document has been electronically filed with the foregoing Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel and/or a copy is mailed via U.S. Mail, postage prepaid and properly addressed to those individuals who are non-CM/ECF participants:

EXPERIAN

Anna Kelly Brennan  
Balch & Bingham  
P.O. Box 306  
Birmingham, AL 35201-0306  
kbrennan@balch.com, slee@balch.com  
205-226-3475  
205-488-5328 Fax  

Griffin Lane Knight  
Balch & Bingham  
P.O. Box 78  
Montgomery, AL 36101-0078  
lknight@balch.com, dearly@balch.com  
334-269-3124  

Brian Stephen Spitler  
Jones Day  
1420 Peachtree St. NE  
Suite 800  
Atlanta, GA 30309-3053  
bsspitler@jonesday.com  tlmaro@jonesday.com

EQUIFAX

Edward Luckett Robinson, II
Hand Arendall, LLC
P.O. Box 123
Mobile, AL 36601
lrobinson@handarendall.com abradley@handarendall.com
251-432-5511
251-694-6375 Fax


G. John Cento
Kilpatrick & Stockton, LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309-4530
Jcento@KilpatrickStockton.com
404-815-6447
404-541-4632



TRANSUNION

Kary B. Wolfe
Walston Wells Anderson & Birchall, LL
P.O. Box 830642
Birmingham, AL 35283-0642
kwolfe@walstonwells.com
205-244-5281
205-244-5481 Fax

Marc F. Kirkland
Strasburger and Price LLP
2801 Network Boulevard
Suite 600
Frisco, TX 75034
Marc.Kirkland@strasburger.com
469-287-3946
469-227-6575 fax

DAIMLER CHRYSLER

Anthony Smith
Sirote & Permutt
P.O. Box 55727

Birmingham, AL 35255-5727
tsmith@sirote.com
205-930-5100
205-930-5101 Fax

Lee Reeves
Sirote & Permutt
P.O. Box 55727
Birmingham, AL 35255-5727
lreeves@sirote.com
205-930-5100
205-930-5101 Fax


MIKE SHAD

Patrick R. Norris
McDaniel, Bains & Norris, P.C.
Two Metroplex Dr. Suite 504
Birmingham, AL 35209-6812
pnoris@mbn-law.com   norrisjd@bellsouth.net

David Jones, Pro Se
6870 103 St. Apt. 210
Jacksonville, FL 32210

Cornelius Jenkins
c/o Nimnicht Chevrolet
1550 Cassat Avenue
Jacksonville, FL 32210

                                              /s/ Donna C. Crooks
                                              OF COUNSEL