**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **HUBERT JONES**, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CASE NO. CV- 1:05-cv-612-MHT** |
| | ) |
| **DAVID JONES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**ANSWER TO AMENDED COMPLAINT**

COMES the Defendant, DaimlerChrysler Financial Services Americas LLC, formerly known as DaimlerChrysler Services North America LLC (hereinafter "DCFS"), and files this Answer to the Complaint as follows:

**PARTIES**

1.     DCFS is without sufficient information to admit or deny the allegations in Paragraph 1 of the Amended Complaint and, therefore, demands strict proof thereof.

2.     DCFS is without sufficient information to admit or deny the allegations in Paragraph 2 of the Amended Complaint and, therefore, demands strict proof thereof.

3.     DCFS is without sufficient information to admit or deny the allegations in Paragraph 3 of the Amended Complaint and, therefore, demands strict proof thereof.

4.     DCFS is without sufficient information to admit or deny the allegations in Paragraph 4 of the Amended Complaint and, therefore, demands strict proof thereof.

5.     DCFS denies the allegations in Paragraph 5 of the Amended Complaint. DCFS is a limited liability company with its principal place of business in Michigan.

6.      DCFS is without sufficient information to admit or deny the allegations in Paragraph 6 of the Amended Complaint and, therefore, demands strict proof thereof.

7.      DCFS is without sufficient information to admit or deny the allegations in Paragraph 7 of the Amended Complaint and, therefore, demands strict proof thereof.

**FACTS**

8.      DCFS is without sufficient information to admit or deny the allegations in Paragraph 8 of the Amended Complaint and, therefore, demands strict proof thereof.

9.      DCFS admits that the vehicle identified in Paragraph 9 of the Amended Complaint was sold by Mike Shad to a person claiming to be Hubert Jones.  DCFS admits that it financed the purchase, that the account went into default, that it sued Hubert Jones on the contract in Dale County, Alabama, and that that lawsuit was subsequently dismissed.  DCFS is without sufficient information to admit or deny whether anyone assumed the identity of Hubert Jones or that the purchaser was not, in fact, Hubert Jones and, therefore, demands strict proof thereof.  DCFS denies the remaining allegations in Paragraph 9 of the Amended Complaint and demands strict proof thereof.

10.      DCFS is without sufficient information to admit or deny whether anyone assumed the identity of Hubert Jones or that the purchaser was not, in fact, Hubert Jones and, therefore, demands strict proof thereof.  DCFS denies that it knew or should have known that the purchaser was not, in fact, Hubert Jones and, therefore, demands strict proof thereof.  DCFS admits that Hubert Jones notified it that he disputed that he was the purchaser.  DCFS denies the remaining allegations of paragraph 10 of the Amended Complaint and demands strict proof thereof.

11.    DCFS is without sufficient information to admit or deny whether anyone assumed the identity of Hubert Jones or that the purchaser was not, in fact, Hubert Jones and, therefore, demands strict proof thereof.  DCFS admits that Hubert Jones notified it that he disputed that he was the purchaser.  DCFS denies the remaining allegations of paragraph 11 of the Amended Complaint and demands strict proof thereof.

12.    DCFS is without sufficient information to admit or deny whether anyone assumed the identity of Hubert Jones or that the purchaser was not, in fact, Hubert Jones and, therefore, demands strict proof thereof.  DCFS admits that Hubert Jones notified it that he disputed that he was the purchaser.  DCFS denies the remaining allegations of paragraph 12 of the Amended Complaint and demands strict proof thereof.

13.    DCFS is without sufficient information to admit or deny the allegations in Paragraph 13 of the Amended Complaint and, therefore, demands strict proof thereof.

### COUNT I:  CONVERSION, ISSUING A FALSE FINANCIAL STATEMENT, IMPERSONATION

14.    For answer to paragraph 14 of the Amended Complaint, DCFS realleges and incorporates herein its Responses given to Paragraphs 1 through 13 above.

15.    DCFS denies the allegations of paragraph 15 of the Amended Complaint and demands strict proof thereof.

16.    DCFS is without sufficient information to admit or deny the allegations in Paragraph 16 of the Amended Complaint and, therefore, demands strict proof thereof.

17.    DCFS denies the allegations of paragraph 17 of the Amended Complaint and demands strict proof thereof.

18.    DCFS is without sufficient information to admit or deny the allegations in Paragraph 18 of the Amended Complaint and, therefore, demands strict proof thereof.

19.    DCFS denies the allegations of paragraph 19 of the Amended Complaint and demands strict proof thereof.

20.    DCFS denies that the allegations of paragraph 20 of the Amended Complaint, as well as the unnumbered paragraph following Paragraph 20 of the Amended Complaint, and demands strict proof thereof.

## COUNT II:  OUTRAGE

21.    For answer to paragraph 21 of the Amended Complaint, DCFS realleges and incorporates herein its Responses given to Paragraphs 1 through 20 above.

22.    DCFS denies the allegations of paragraph 22 of the Amended Complaint and demands strict proof thereof.

23.    DCFS denies the allegations of paragraph 23 of the Amended Complaint and demands strict proof thereof.

24.    DCFS denies the allegations of paragraph 24 of the Amended Complaint and demands strict proof thereof.

25.    DCFS denies that the allegations of paragraph 25 of the Amended Complaint, as well as the unnumbered paragraph following Paragraph 25 of the Amended Complaint, and demands strict proof thereof.

## COUNT III: FRAUD

26.    For answer to paragraph 26 of the Amended Complaint, DCFS realleges and incorporates herein its Responses given to Paragraphs 1 through 25 above.

27.    DCFS is without sufficient information to admit or deny the allegations in Paragraph 27 of the Amended Complaint and, therefore, demands strict proof thereof.

28.    DCFS is without sufficient information to admit or deny the allegations in Paragraph 28 of the Amended Complaint and, therefore, demands strict proof thereof.

29.    DCFS denies the allegations of paragraph 29 of the Amended Complaint and demands strict proof thereof.

30.    DCFS denies the allegations of paragraph 30 of the Amended Complaint and demands strict proof thereof.

31.    DCFS denies that the allegations of paragraph 31 of the Amended Complaint, as well as the unnumbered paragraph following Paragraph 31 of the Amended Complaint, and demands strict proof thereof.

## COUNT IV: INVASION OF PRIVACY

32.    For answer to paragraph 32 of the Amended Complaint, DCFS realleges and incorporates herein its Responses given to Paragraphs 1 through 31 above.

33.    DCFS denies the allegations of paragraph 33 of the Amended Complaint and demands strict proof thereof.

34.    DCFS denies the allegations of paragraph 34 of the Amended Complaint and demands strict proof thereof.

35.    DCFS denies the allegations of paragraph 35 of the Amended Complaint and demands strict proof thereof.

36.    DCFS denies the allegations of paragraph 36 of the Amended Complaint and demands strict proof thereof.

37.    DCFS denies that the allegations of paragraph 37 of the Amended Complaint, as well as the unnumbered paragraph following Paragraph 37 of the Amended Complaint, and demands strict proof thereof.

## COUNT V:  NEGLIGENCE

38.     For answer to paragraph 38 of the Amended Complaint, DCFS realleges and incorporates herein its Responses given to Paragraphs 1 through 38 above.

39.     DCFS denies the allegations of paragraph 39 of the Amended Complaint and demands strict proof thereof.

40.     DCFS denies the allegations of paragraph 40 of the Amended Complaint and demands strict proof thereof.

41.     DCFS denies that the allegations of paragraph 41 of the Amended Complaint, as well as the unnumbered paragraph following Paragraph 41 of the Amended Complaint, and demands strict proof thereof.

## COUNT VI:  FAIR CREDIT REPORTING ACT VIOLATION

42.     For answer to paragraph 42 of the Amended Complaint, DCFS realleges and incorporates herein its Responses given to Paragraphs 1 through 41 above.

43.     DCFS is without sufficient information to admit or deny the allegations in Paragraph 43 of the Amended Complaint and, therefore, demands strict proof thereof.

44.     DCFS is without sufficient information to admit or deny the allegations in Paragraph 44 of the Amended Complaint and, therefore, demands strict proof thereof.

45.     DCFS is without sufficient information to admit or deny the allegations in Paragraph 45 of the Amended Complaint and, therefore, demands strict proof thereof.

46.     DCFS denies that a consumer credit report was sought and obtained from it by MBNA.  DCFS is without sufficient information to admit or deny the remaining allegations in Paragraph 46 of the Amended Complaint and, therefore, demands strict proof thereof.

47.    DCFS denies that it issued any credit report of and concerning the Plaintiff to MBNA. DCFS denies the remaining allegations of paragraph 47 of the Amended Complaint and demands strict proof thereof.

48.    DCFS denies the allegations of paragraph 48 of the Amended Complaint and demands strict proof thereof.

49.    DCFS denies the allegations of paragraph 49 of the Amended Complaint and demands strict proof thereof.

50.    DCFS denies the allegations of paragraph 50 of the Amended Complaint and demands strict proof thereof.

51.    DCFS denies that the allegations of paragraph 51 of the Amended Complaint, as well as the unnumbered paragraph following Paragraph 51 of the Amended Complaint, and demands strict proof thereof.

## COUNT VII:  LIBEL, SLANDER, AND DEFAMATION

52.    For answer to paragraph 52 of the Amended Complaint, DCFS realleges and incorporates herein its Responses given to Paragraphs 1 through 51 above.

53.    DCFS denies the allegations of paragraph 53 of the Amended Complaint and demands strict proof thereof.

54.    DCFS denies the allegations of paragraph 54 of the Amended Complaint and demands strict proof thereof.

55.    DCFS denies that the allegations of paragraph 55 of the Amended Complaint, as well as the unnumbered paragraph following Paragraph 55 of the Amended Complaint, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

DCFS denies that it did anything wrong or violated any section or requirement of the Fair Credit Reporting Act ("FCRA"), including, but not limited to, 15 U.S.C. § 1681, and any other section of that said Act, and demands strict proof thereof.

### SECOND AFFIRMATIVE DEFENSE

DCFS denies that it violated any portion of the FCRA, and did not intentionally violate any portion or provision of the FCRA including, but not limited to, 15 U.S.C. § 1681, and any other section of that said Act.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff is claiming that DCFS did not comply with the FCRA including, but not limited to, 15 U.S.C. § 1681, and any other section of that said Act.

### FOURTH AFFIRMATIVE DEFENSE

DCFS avers that the Plaintiff is barred from recovering any damages from DCFS for reason of the Plaintiff's negligence which was a proximate causation of the Plaintiff's alleged damages and losses.

### FIFTH AFFIRMATIVE DEFENSE

DCFS avers that it has taken and maintained reasonable procedures to assure compliance with the provisions of the FCRA, and all sections thereof, and has complied with the requirements of the FCRA including, but not limited to, 15 U.S.C. § 1681, and any other section of that said Act.

### SIXTH AFFIRMATIVE DEFENSE

DCFS avers that it has taken and maintained reasonable procedures to assure compliance with the provisions of the FCRA, and all sections thereof, and has complied with the requirements of the FCRA including, but not limited to, 15 U.S.C. § 1681a(f), and any other section of that said Act.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering from DCFS because DCFS did not report any inaccurate information or do any of the acts that were alleged in the Complaint with any malice or willful intent to injure Plaintiff as set forth in the FCRA.

### EIGHTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff are barred, separately and severally, for failure to state a claim upon which relief may be granted.

### NINTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff against this Defendant are barred for reason of estoppel.

### TENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff against this Defendant are barred for reason of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff against this Defendant are barred for reason of ratification.

### TWELFTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff against this Defendant are barred for reason of applicable statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff against this Defendant are barred for reason of contributory negligence on the part of the Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff against this Defendant are barred for reason of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovering against this Defendant for reason that the Plaintiff has affirmed, ratified, and/or is estopped from denying that his signature as guarantor is on the lease contract made the basis of this lawsuit.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to this Defendant under the Constitution of the United States of America.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment of the Constitution of the United States; of the right to counsel provided by the Sixth Amendment of the Constitution of the United States; of the right to trial by jury of the Seventh Amendment of the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment of the Constitution of the United States; of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States; and is improper under the federal common law and under applicable court rules and statutes for the following reasons, jointly and separately:

1.     There are no standards provided by applicable law for the imposition of punitive damages, and therefore, Defendant has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform its conduct accordingly.

2.     The procedures to be followed would permit an award of punitive damages against Defendant upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability.

3.     The procedures to be followed would permit the award of multiple punitive damages for the same act or omission.

4.     There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against Defendant under present law.

5.     The standards of conduct upon which punitive damages are sought against Defendant are vague and ambiguous.

6.     The procedures used by this Court and the guidelines given to the jurors, jointly and separately, are overly vague and ambiguous for purposes of allowing awards of punitive damages.

7.     The procedures used by the courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notions of what the law should be instead of what it is.

8.     The procedures under which punitive damages are awarded and instructions used by the courts, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion.

9.    Present law does not provide for sufficiently objection and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded.

10.    Present law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages.

11.    Present law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury.

12.    The present procedures fail to provide a constitutional and reasonable limit on the amount of any punitive award against this Defendant.

13.    The present procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability is determined.

14.    The present procedures permit the imposition of joint and sever0al judgments against multiple co-defendants for different acts and different degrees of wrongdoing or culpability.

15.    An award of punitive damages would compensate Plaintiff for elements of damage not otherwise recognized by applicable law.

16.    There is no set of objective and/or definitive standards for determining the alleged reprehensibility of this Defendant's conduct complained of or that this Defendant could be aware that its said course of conduct may allow the imposition of punitive damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The award of punitive or extra-contractual damages on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

The imposition of a punitive damages award in this case would deprive this Defendant of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the Constitution of the United States for the following reasons, jointly and separately:

1.      The procedures to be followed would permit the awarding of punitive damages against the Defendant upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability.

2.      The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants.

3.      Punitive damages are penal in nature and Defendant, without procedural protection, is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

## TWENTIETH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case is unconstitutional under the Fifth and Fourteenth Amendments of the Constitution of the United States because punitive damages are penal in nature and Defendant is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The imposition of punitive damages, or the determination of the amount of punitive damages, based in whole or in part in any way on any acts or omissions outside of the State of Alabama would violate, separately and jointly, the Commerce Clause and the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The imposition of punitive damages, or the determination of the amount of punitive damages, based in whole or in part in any way on any acts or omissions outside the State of Alabama would violate, separately and jointly, the Commerce Clause and the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovering on any of their claims, separately and severally, any punitive damages claimed therein for reason that the recovery of punitive damages violates the Defendants' due process rights under the Fourteenth Amendment of the United States Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovering any punitive damages against the Defendant for reason that recovery of punitive damages from the Defendant in this case would

violate the Defendant's substantive and/or procedural right to due process of law under the United States Constitution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovering any punitive damages on any of their claims, separately and severally, against the Defendant for reason that recovery of punitive damages is a violation of the Defendant's constitutional rights for due process of law under the United States Constitution in that the standards for accessing punitive damages are so vague, ambiguous, and uncertain that the Defendant would be denied its protected constitutional rights.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovering punitive damages against the Defendant for any of the Plaintiff's claims, separately and severally, for reason that the procedural due process rights of the Defendant are violated in that there are not adequate safeguards for appellate review of any award of punitive damages to protect the Defendant from having its constitutional rights violated relating to any award of punitive damages that might be rendered in this case.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering punitive damages on any of Plaintiff's claims, separately and severally, against the Defendant in this case for reason that any award of punitive damages would violate the substantive due process rights of the Defendant under the United States Constitution because there is not sufficient guidance and instruction that could be given to a jury so that the jury might reach a rational decision on the imposition of any punitive damages, there is a lack of meaningful standards that govern punitive damages which means that a jury in this case would have almost unfettered discretion in awarding punitive damages, and/or the

award of punitive damages against Defendant in this case would not have any reasonable relation to the injury inflicted and/or the conduct that caused the injury.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Complaint and all damages claimed in this Court against this Defendant by Plaintiff are barred for reason of the Federal Arbitration Act, 9 U.S.C. § 1, et seq., since there is an Arbitration Clause requiring arbitration of this dispute between this Defendant and Plaintiff.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The claims for punitive damages are barred because Plaintiff is attempting to support an award of punitive damages based in part on conduct which has occurred outside the State of Alabama, and which relates to customers of this Defendant who are not residents of the State of Alabama. For this reason, Plaintiff's claims for punitive damages violate the Commerce Clause of the United States Constitution, the Due Process Clause of the United States Constitution and the Equal Protection Clause of the United States Constitution.

### THIRTIETH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovering punitive damages in this case because there is no reasonable relationship between any punitive damages award that could be made in this case and the harm likely to result from the Defendant's conduct as well as the harm that actually has allegedly occurred to Plaintiff.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

An award of punitive damages against the Defendant is barred because the possible award of punitive damages against the Defendant in this case would be an unreasonable and unconstitutional restriction and burden on interstate commerce which was involved in the transaction made the basis of this suit. To allow the threat or possibility of punitive damages to

be imposed against the Defendant in this case would be an unconstitutional restraint or burden on interstate commerce by allowing the threat of punitive damages to be used as a means of imposing overly restrictive policies on the Defendant.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Punitive damages cannot be awarded in this case without violating the basic guarantee of nonarbitrary governmental behavior guaranteed under the Due Process Clause of the United States Constitution.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

If multiple punitive damage awards were assessed against this Defendant, it would violate the Constitutions of the United States of America and the State of Alabama, violating this Defendant's rights to due process and to a jury trial and against double jeopardy.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The claims for punitive damages against this Defendant are barred for reason that Plaintiff cannot produce clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against this Defendant.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each count thereof, separately and severally, fails to state a claim upon which relief may be granted.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred for reason of unclean hands and/or in pari delicto.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The claims for punitive damages against this Defendant are barred for reason that any claims for punitive damages are based on Defendant's alleged acts that do not rise to the level of or warrant sanctions or punitive damages by this Court for the same reasons that are set forth in the principles of law established under the rationale of the case of BMW of North America, Inc. v. Gore, 517 U.S. 559, 572 (1996) and State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003), and it would violate the Fourteenth Amendment of the United States Constitution and the Commerce Clause of the United States Constitution to impose punitive damages or sanctions on this Defendant under the circumstances of this case.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not caused by DCFS, but by another person or entity for whom or for which DCFS is not responsible.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

DCFS has complied with the Fair Credit Reporting Act and is entitled to each and every defense available therein.

## FORTIETH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are preempted by the Fair Credit Reporting Act.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to comply with the Fair Credit Reporting Act, including, without limitation, his failure to file an Identity Theft Report as defined therein.

## FORTY-SECOND AFFIRMATIVE DEFENSE

DCFS has acted in good faith and without malice or intent to injure the Plaintiff.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has not alleged any injury in fact.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred by the provisions of 15 U.S.C. §§ 1681n and 1681o.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

This Defendant was not the proximate cause of any injuries that may have been suffered by the Plaintiff.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

This Defendant denies that it breached any duty allegedly owed the Plaintiff.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are preempted by qualified immunity under the Fair Credit Reporting Act.

## FIFTIETH AFFIRMATIVE DEFENSE

This Defendant has not published any false, inaccurate or defamatory information to a third-party regarding the Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Any statement made by this Defendant was true or substantially true.

## **FIFTY-SECOND AFFIRMATIVE DEFENSE**

At all relevant times, this Defendant has acted under a qualified privilege.

## **FIFTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff does not have standing to enforce

the provisions of the FCRA.

s/ C. Lee Reeves

C. Lee Reeves (REEV1806)
Anthony R. Smith (SMIT1150)
Attorneys for Defendant,
DaimlerChrysler Financial Services Americas LLC
formerly known as DaimlerChrysler Services North
America LLC

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:    (205) 930-5100
Fax:    (205) 930-5335

## CERTIFICATE OF SERVICE

   I hereby certify that on the 9th day of October 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and I hereby certify that I have mailed by U.S. mail the foregoing to the following:

| | |
|---|---|
| Donna C. Crooks, Esq.<br>P.O. Drawer 65<br>Daleville, AL  36322<br>Donnacrooks_lawfirm@yahoo.com | Patrick R. Norris<br>McDaniel, Bains & Norris, P.C.<br>Two Metroplex Drive, Suite 504<br>Birmingham, AL  35209-6812<br>pnorris@mbn-law.com |
| E. Luckett Robinson, II, Esq.<br>Hand Arendall, L.L.C.<br>3000 AmSouth Bank Building<br>107 St. Francis Street<br>Mobile, AL  36602<br>lrobinson@handarendall.com | Kary B. Wolfe, Esq.<br>Walston, Wells & Birchall, LLP<br>P.O. Box 830642<br>Birmingham, AL  35283-0642<br>kwolfe@walstonwells.com |
| Anna Kelly Brennan, Esq.<br>Balch & Bingham<br>P.O. Box 306<br>Birmingham, AL  35201-0306<br>kbrennan@balch.com | Griffin Lane Knight, Esq.<br>Balch & Bingham<br>P.O. Box 78<br>Montgomery, AL  36101-0078<br>lknight@balch.com |
| Brian Stephen Spitler, Esq.<br>Jones Day<br>1420 Peachtree St. NE, Suite 800<br>Atlanta, GA  30309-3053<br>bsspitler@jonesday.com | G. John Cento, Esq.<br>Kilpatrick & Stockton, LLP<br>1100 Peachtree Street, Ste. 2800<br>Atlanta, GA  30309-4530<br>jcento@kilpatrickatockton.com |

   and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant:

   Cornelius Jenkins
   c/o Nimnicht Chevrolet
   1550 Cassat Avenue
   Jacksonville, FL  32210

              s/ C. Lee Reeves
              Of Counsel