IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HUBERT JONES,<br><br>    Plaintiff<br><br>V.<br><br>DAVID JONES;<br>MIKE SHAD CHRYSLER JEEP, INC.;<br>DAIMLERCHRYSLER FINANCIAL<br>SERVICES AMERICAS LLC f/ka<br>DAIMLERCHRYSLER SERVICES OF<br>NORTH AMERICA, LLC;<br>EQUIFAX INFORMATION SERVICES,<br>LLC, TRANS UNION LLC, EXPERIAN<br>INFORMATION SOLUTIONS, INC.,<br>CORNELIUS JENKINS, individually;<br>CORNELIUS JENKINS, as agent for<br>MIKE SHAD CHRYSLER JEEP, INC.,<br>CORNELIUS JENKINS, as agent for<br>DAIMLERCHRYSLER FINANCIAL<br>SERVICES AMERICAS LLC f/ka<br>DAIMLERCHRYSLER SERVICES OF<br>NORTH AMERICA, LLC; and A-Z,<br><br>    Defendants | CIVIL ACTION NO:<br>1:05-cv-00612-MHT-DRB |

**DEFENDANT TRANS UNION LLC'S ORIGINAL ANSWER AND
<u>DEFENSES TO PLAINTIFF'S [SECOND] AMENDED COMPLAINT</u>**

COMES NOW Trans Union LLC ("Trans Union"), one of the Defendants herein, and files this its Answer and Defenses to Plaintiff's [Second] Amended Complaint ("Complaint") filed by the Plaintiff Hubert Jones. The paragraph numbers below correspond to the paragraphs contained in the Complaint to the extent possible.

    1.    Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 1 of the Complaint

    2.    Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 2 of the Complaint.

1937040.1/SP/83057/0458/101106

3. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 3 of the Complaint.

4. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 4 of the Complaint.

5. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 5 of the Complaint.

6. Trans Union denies reporting erroneous or defamatory information with regard to Plaintiff or that Plaintiff suffered harm or damage as a result of Trans Union's credit reporting practices. Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois. Trans Union admits that it is licensed to do business in the State of Alabama. Trans Union admits that it is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(f). As to the other Defendants, Trans Union is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 6 of the Complaint.

7. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 7 of the Complaint.

## II. FACTS

8. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 8 of the Complaint.

9. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 9 of the Complaint.

10. Trans Union denies the allegations to the extent these allegations could be construed against Trans Union. Trans Union is without sufficient information or

1937040.1/SP/83057/0458/101106

knowledge to admit or deny the allegations contained in Paragraph 10 of the Complaint.

11. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 12 of the Complaint.

13. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13 of the Complaint.

**COUNT I:  Conversion, Issuing A False Financial Statement, Impersonation**

14. Trans Union restates and incorporates its responses to paragraphs 1 through 13 above as though fully stated herein.

15. Trans Union denies the allegations of Paragraph 15 of the Complaint. Answering further, Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

16. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 16 of the Complaint.

17. Trans Union denies the allegations of Paragraph 17 of the Complaint. Answering further, Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

18. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 18 of the Complaint.

19. Trans Union denies that Plaintiff suffered damage as a result of Trans Union's credit reporting practices.

20. Trans Union denies the allegations of Paragraph 20 of the Complaint. Answering further, Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

Prayer. Trans Union denies the allegations and requests contained in the Prayer Paragraph in Count One of the Complaint.

## COUNT II:  Outrage

21. Trans Union restates and incorporates its responses to paragraphs 1 through 20 above as though fully stated herein.

22. Trans Union denies the allegations of Paragraph 22 of the Complaint. Answering further, Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

23. Trans Union denies the allegations of Paragraph 23 of the Complaint. Answering further, Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

24. Trans Union denies the allegations of Paragraph 24 of the Complaint. Answering further, Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

25. Trans Union denies the allegations of Paragraph 25 of the Complaint. Answering further, Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

Prayer. Trans Union denies the allegations and requests contained in the Prayer Paragraph in Count Two of the Complaint.

## COUNT III: Fraud

26. Trans Union restates and incorporates its responses to paragraphs 1 through 25 above as though fully stated herein.

27. The averments contained in paragraph 27 of Count Three of the Complaint are not factual allegations Trans Union can admit or deny. Should an answer be necessary, Trans Union is without sufficient information to admit or deny the averments contained in paragraph 27 of Count Three of the Complaint and, therefore, denies same.

28. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 28 of the Complaint.

29. Trans Union denies the allegations of Paragraph 29 of the Complaint. Answering further, Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

30. Trans Union denies that Plaintiff suffered damage as a result of Trans Union's credit reporting practices.

31. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

Prayer. Trans Union denies the allegations and requests contained in the Prayer Paragraph in Count Three of the Complaint.

## COUNT IV: Invasion of Privacy

32. Trans Union restates and incorporates its responses to paragraphs 1 through 31 above as though fully stated herein.

33. Trans Union denies the allegations of Paragraph 33 of the Complaint. Answering further, Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

34. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations.  Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

35. Trans Union denies the allegations of Paragraph 35 of the Complaint. Answering further, Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

36. Trans Union denies the allegations of Paragraph 36 of the Complaint. Answering further, Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

37. Trans Union denies the allegations of Paragraph 33 of the Complaint. Answering further, Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

Prayer.  Trans Union denies the allegations and requests contained in the Prayer Paragraph in Count Four of the Complaint.

## COUNT V:  Negligence

38. Trans Union restates and incorporates its responses to paragraphs 1 through 37 above as though fully stated herein.

39. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

40. Trans Union denies the allegations of Paragraph 40 of the Complaint. Answering further, Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

41. Trans Union denies the allegations of Paragraph 41 of the Complaint. Answering further, Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

Prayer. Trans Union denies the allegations and requests contained in the Prayer Paragraph in Count Five of the Complaint.

## COUNT VI:  Fair Credit Reporting Act Violation

42. Trans Union restates and incorporates its responses to paragraphs 1 through 41 above as though fully stated herein.

43. The averments contained in paragraph 43 of the Complaint are not factual allegations Trans Union can admit or deny. Should an answer be necessary, Trans Union is without sufficient information to admit or deny the averments contained in paragraph 43 of the Complaint and, therefore, denies same.

44. The averments contained in paragraph 44 of the Complaint are not factual allegations Trans Union can admit or deny. Should an answer be necessary, Trans Union is without sufficient information to admit or deny the averments contained in paragraph 44 of the Complaint and, therefore, denies same.

1937040.1/SP/83057/0458/101106

45. Trans Union admits that it is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(f). Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

46. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 45 of Count Six of the Complaint

47. Trans Union denies the allegations of Paragraph 46 of the Complaint. Answering further, Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

48. Trans Union denies the allegations of Paragraph 47 of the Complaint. Answering further, Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

49. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

50. Trans Union denies the allegations of Paragraph 49 of the Complaint. Answering further, Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

51. Trans Union denies the allegations and relief sought in Paragraph 50 of the Complaint. Answering further, Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

Prayer. Trans Union denies the allegations and requests contained in the Prayer Paragraph in Count Six of the Complaint.

1937040.1/SP/83057/0458/101106

## COUNT VII:  Libel, Slander, and Defamation

52.    Trans Union restates and incorporates its responses to paragraphs 1 through 50 above as though fully stated herein.

53.    Trans Union denies the allegations of Paragraph 52 of the Complaint. Answering further, Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

54.    Trans Union denies the allegations of Paragraph 53 of the Complaint. Answering further, Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

55.    Trans Union denies the allegations of Paragraph 54 of the Complaint. Answering further, Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

Prayer.  Trans Union denies the allegations and requests contained in the Prayer Paragraph in Count Six of the Complaint.

## DEFENSES

56.    Plaintiff has failed to state a claim against Trans Union upon which relief can be granted.

57.    At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

58.    Trans Union alleges that any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

59. Trans Union, in compliance with the Fair Credit Reporting Act, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

60. Trans Union at all times acted in compliance with the Fair Credit Reporting Act.

61. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

62. Plaintiff's common law and/or state law claims are barred/preempted by the qualified immunity granted by the Fair Credit Reporting Act.

63. Some or all of Plaintiff's claims against Trans Union are barred by the applicable statute of limitations.

64. Trans Union did not publish false or inaccurate information regarding Plaintiff.

65. Any statement made by Trans Union regarding Plaintiff was true or substantially true.

66. Plaintiff failed to mitigate his alleged damages.

67. At all relevant times, Trans Union has acted under the qualified immunity provided in the Fair Credit Reporting Act.

68. At all relevant times, Trans Union has acted under a qualified privilege provided in the common law.

69. Plaintiff's claims for exemplary or punitive damages violate the Fourteenth Amendment, the excessive fines clause of the Eighth Amendment, the Due Process Clause of the United States Constitution and the laws of the State of Alabama.

70. To the extent Trans Union could be found liable, Plaintiff was comparatively/contributorily negligent.

71. Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or o of the FCRA in bad faith or for purposes of harassment.

72. Plaintiff's alleged injuries were proximately caused in whole or in part by the negligence of Plaintiff and/or Defendants David Mike Shad Chrysler Jeep, Inc., DaimlerChrysler Financial Services Americas LLC f/ka DaimlerChrysler Services Of North America, LLC; Equifax Information Services, LLC, Experian, Cornelius Jenkins, individually, as agent for Mike Shad Chrysler Jeep, Inc., and as agent for DaimlerChrysler Financial Services Americas LLC f/ka DaimlerChrysler Services Of North America, LLC; and A-Z, and liability should be reduced accordingly. Issues as to the percentage of each of their responsibility is requested to be submitted to the trier of the fact.

73. In the event that a settlement is reached between Plaintiff and any other party, Defendant Trans Union is entitled to any settlement credits permitted by law.

74. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superceding cause.

75. Plaintiff assumed the risk for any alleged damages he suffered.

1937040.1/SP/83057/0458/101106

76. Plaintiff's claims are barred by waiver, laches, and estoppel.

77. Plaintiff's claims for punitive damages are subject to the limitation and protections contained in Alabama Code §6-11-20; 6-11-21.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the court deems just.

Respectfully submitted,

/s/ *Kary Bryant Wolfe*

**KARY BRYANT WOLFE** (WOL016)
WALSTON WELLS & BIRCHALL, LLP
P.O. Box 830642
Birmingham, Alabama 35283-0642
(205) 244-5281
(205) 244-5481 (Fax)
kwolfe@walstonwells.com

**ATTORNEY FOR TRANS UNION LLC**

## **CERTIFICATE OF SERVICE**

This is to certify that on the 12th of October, 2006, a true and correct copy of the above and foregoing document has been electronically filed with the foregoing Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

| | |
|---|---|
| Donna Coon Crooks<br>P. O. Drawer 65<br>Daleville, AL 36322<br>**Counsel for Plaintiff** | donnaccrooks_lawfirm@yahoo.com |
| Patrick R. Norris<br>McDaniel, Bains & Norris, PC<br>Two Metroplex Drive, Suite 504<br>Birmingham, AL  35209-6812<br>**Counsel for Mike Shad Chrysler Jeep, Inc.** | pnorris@mbn-law.com |
| Anna Kelly Brennan<br>Balch & Bingham<br>PO Box 306<br>Birmingham, AL 35201-0306<br>  And | kbrennan@balch.com |
| Brian Stephen Spitler<br>Jones Day<br>1420 Peachtree St NE<br>Suite 800<br>Atlanta, GA 30309-3053<br>  and | bsspitler@jonesday.com |
| Griffin Lane Knight<br>Balch & Bingham<br>PO Box 78<br>Montgomery, AL 36101-0078<br>**Counsel for Experian** | lknight@balch.com |
| Edward Luckett Robinson, II<br>Hand Arendall, L.L.C.<br>PO Box 123<br>Mobile, AL 36601<br>  And | lrobinson@handarendall.com |
| G. John Cento<br>Kilpatrick & Stockton, LLP<br>1100 Peachtree Street<br>Suite 2800<br>Atlanta, GA 30309-4530<br>**Counsel for Equifax** | jcento@kilpatrickstockton.com |

| | |
|---|---|
| Anthony Ryan Smith | tsmith@sirote.com |
| Clifford Lee Reeves | lreeves@sirote.com |

Sirote & Permutt, P.C.
PO Box 55727
Birmingham, AL 35255-5727
**Counsel for DaimlerChrysler Financial Services Americas, L.L.C. f/k/a DaimlerChrysler Services North America L.L.C.**

I also certify that a copy has been forward to the following non-CM/ECF participants by U.S. Mail:

**Cornelius Jenkins**
c/o Nimnicht Chevrolet
1550 Cassat Ave
Jacksonville, FL 32210
*Pro Se*

/s/ *Kary Bryant Wolfe*
**OF COUNSEL**